IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00167-CV

 

Rickey Fantroy,

                                                                                    Appellant

 v.

 

AMC Mortgage Services, Inc.,

                                                                                    Appellee

 

 



From the County Court at Law No.
2

Johnson County, Texas

Trial Court No. C200700010

 



MEMORANDUM  Opinion










 

            Rickey Fantroy appeals an adverse
judgment rendered by the trial court.  We struck his brief because it did not
comply with the rules regarding briefing and allowed Fantroy time to file a
compliant brief.  No brief was filed.  We then warned Fantroy that if we did
not receive a response showing grounds for continuing the appeal within 21
days, his appeal may be dismissed for want of prosecution.  See Tex. R. App. P. 38.1(a); 42.3(b).  




            More than 21 days have passed and we
have not received a response from Fantroy.  Accordingly, the appeal is
dismissed.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed June 4, 2008

[CV06]






0;                                                      
M E M O R A N D U M O P I N I O N
                                                                                                                

      In 1994 a Texas corporation was established, The Wade Family Co., Inc. (“Company”),
which was owned by the five children of Marvin Wade. Marvin claims he deeded to the Company
five lots he owned located in the City of Whitney, Texas (“City”), all of which had structures on
them, either residential or commercial. In February 1999 the Whitney City Council found that
the structures on the properties were in disrepair in violation of city code and had to be demolished
or removed.


 Instead, Marvin attempted to repair the structures. Consequently, in April 1999 the
City filed a lawsuit, Cause No. 36,405, and obtained an injunction against Marvin and the
Company to prevent further remodeling of the structures. Marvin continued to try to persuade the
City Council that the structures were repairable, and he hired an engineer to inspect them; the
engineer prepared a letter stating the structures had “basic structural integrity for repair.” 
Meanwhile, for apparently unrelated reasons, in May Marvin filed for Chapter 7 bankruptcy. 
Marvin claims the five properties were not listed as part of his assets in the bankruptcy.
      In August 1999 Marvin and the Company filed a lawsuit for damages against the City, the
members of the City Council, and the City Attorney, in Cause No. 36,701. Marvin filed the
lawsuit pro se on his own behalf and on behalf of the Company. The Petition alleged the City
Council members “did not fulfill their duty as an elected official in solving citizens’ and city
problems by being FAIR and IMPARTIAL,” and “turn[ed] over all power and full authority to
[the City Attorney], and never questioned his actions or his motives.” Marvin believed the five
properties had been targeted by the City Council because the Mayor wanted one of the structures,
which was a rent house across the street from his residence, removed.
      In September 1999 the properties were sold to Marvin’s brother and sister at a Sheriff’s sale
conducted in accordance with an order of sale, apparently from the bankruptcy court; the sale
pertained to yet another unrelated lawsuit in which a default judgment had been granted in 1996
against Marvin and the Company and in favor of his brother and sister. In February 2000 the City
filed a Motion to Dismiss stating five grounds: (1) any interest Marvin had in the properties was
owned by the bankruptcy estate, and so Marvin lacked standing to bring a lawsuit regarding the
properties, (2) the City’s lawsuit in Cause No. 36,405 predates Marvin’s lawsuit and covers the
same issues, and so Marvin should have filed his claims as compulsory counterclaims in the first
lawsuit, (3) section 214.0012 of the Local Government Code gives a citizen thirty days from a city
council’s decision to demolish a structure to file a lawsuit in district court, else all complaints are
forfeited, (4) pursuant to the Sheriff’s sale, all properties have now been sold and are the property
of someone else, again depriving Marvin of standing, and (5) Marvin is not a lawyer and cannot
file a lawsuit pro se on behalf of the Company, which therefore is not legally joined in the lawsuit. 
The court granted the motion and issued an Order dismissing Marvin and the Company’s lawsuit. 
Marvin, on behalf of himself and the Company, filed a Notice of Appeal from that Order.
      It is undisputed that the City Council’s resolution that the structures be demolished was issued
in February 1999. Section 214.0012(a) of the Local Government Code says:
Any owner . . . of property . . . aggrieved by an order of a municipality issued under Section
214.001 may file in district court a verified petition setting forth that the decision is illegal
. . . and specifying the grounds of the illegality. The petition must be filed . . . within 30
calendar days after the respective dates a copy of the final decision of the municipality is
mailed to [the owner] . . . or such decision shall become final . . . on the expiration of . . .
such 30 calendar day period.

Loc. Gov’t Code Ann. § 214.0012(a) (Vernon 1999). Marvin and the Company had thirty days
to file a contest in the district court. Their lawsuit was not filed until August 1999, well after the
deadline. Therefore, Marvin and the Company have forfeited their complaints about the
demolition of the properties.
      Finding that the court properly granted the City’s motion, we affirm the Order of Dismissal.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 20, 2001
Do not publish